**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

MARY ROSALES,

                 Plaintiff,

v.

NELSON WATSON & ASSOCIATES, LLC, a Massachusetts limited liability company,

                 Defendant.

---

### COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.      This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3.      Venue is proper in this Judicial District.

4.      The acts and transactions alleged herein occurred in this Judicial District.

5.      The Plaintiff resides in this Judicial District.

6.      The Defendant transacts business in this Judicial District.

### PARTIES

7.      Plaintiff Mary Rosales is a natural person.

8.      The Plaintiff resides in the City of Greeley, County of Weld, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11. Defendant Nelson Watson & Associates, LLC is a Massachusetts limited liability company operating from an address at 80 Merrimack Street, Lower Level, Haverhill, Massachusetts, 01830.

12. The Defendant's registered agent in the state of Colorado is Irvin A. Borenstein, Esq., 13111 E Briarwood Avenue, Suite 340, Centennial, Colorado 80112.

13. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The Defendant is licensed as a collection agency by the state of Colorado.

15. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16. The Defendant regularly attempts to collect debts alleged to be due another.

17. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

**FACTUAL ALLEGATIONS**

18. Sometime before 2011 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on personal account owed to Capital One (hereinafter the "Account").

19. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. The Account went into default with the Capital One.

21.   After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

22.   The Plaintiff disputes the Account.

23.   The Plaintiff requests that the Defendant cease all further communication on the Account.

24.   The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

25.   The Defendant acted at all times mentioned herein through its employee(s).

26.   In October 2011 the Plaintiff received a letter dated October 6, 2011 from Capital One instructing the Plaintiff to call the Defendant regarding the Account as the Defendant was servicing the Account.

27.   On November 9, 2011 the Plaintiff called the Defendant to discuss the Account and to dispute the Account with the Defendant.

28.   On November 9, 2011 the Plaintiff and the Defendant had a telephone conversation regarding the Account.

29.   The telephone conversation between the Plaintiff and the Defendant on November 9, 2011 conveyed information regarding the Account directly or indirectly to the Plaintiff.

30.   The telephone conversation between the Plaintiff and the Defendant on November 9, 2011 constituted a "communication" as defined by FDCPA § 1692a(2).

31.     During the telephone conversation between the Plaintiff and the Defendant on November 9, 2011 while attempting to collect the Account the Defendant via its employee represented to the Plaintiff that the only way to get the Account off of the credit bureaus reports is to pay the Account.

32.     The Defendant's representation stated in paragraph 32 was false and was a false representation in connection with the collection of a debt, the Account.

33.     During the telephone conversation on November 9, 2011 between the Plaintiff and the Defendant the Plaintiff stated: It's disputed.

34.     During the telephone conversation between the Plaintiff and the Defendant on November 9, 2011 the Defendant via its employee while attempting to collect the Account represented to the Plaintiff that if she could not come up with the money to pay the Account that the Account will stay on her credit until it is paid.

35.     The Defendant's representation stated in paragraph 35 was false and was a false representation in connection with the collection of a debt, the Account.

36.     Upon information and belief the Defendant made an audio recording and/or audio recording(s) of the telephone conversation between the Plaintiff and the Defendant on November 9, 2011.

37.      Upon information and belief the Defendant has a copy or copies of the audio recording(s) of the telephone conversation between the Plaintiff and the Defendant on November 9, 2011.

38.   Upon information and belief the Defendant kept written documentation and / or computer record(s) that document telephone call(s) to the Plaintiff on the Account in the year prior to the filing of the instant action.

39.   Upon information and belief the Defendant kept written documentation and / or computer record(s) that document telephone call(s) from the Plaintiff to the Defendant on the Account in the year prior to the filing of the instant action.

40.   Upon information and belief the Defendant made audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

41.   Upon information and belief the Defendant made audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

42.    Upon information and belief the Defendant has a copy or copies of the audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

43.   Upon information and belief the Defendant has a copy or copies of the audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

44.   Upon information and belief in the time between when it received this Complaint and Jury Demand and when a Answer to this Complaint and Jury Demand was filed on its behalf with the Court the Defendant made an inquiry and/or investigation as to whether it had any audio recording(s) of any telephone

conversation(s) between the Defendant and the Plaintiff including the telephone conversation between the Plaintiff and the Defendant on November 9, 2011.

45. Upon information and belief the Defendant sent copy(s) of any audio recording(s) that it had of telephone conversation(s) between the Defendant and the Plaintiff including the telephone conversation between the Plaintiff and the Defendant on November 9, 2011 to the attorney and/or the law firm who employs the attorney who is filing the Answer to this Complaint and Jury Demand on behalf of the Defendant.

46. Upon information and belief the Defendant's copies of the audio recording(s) of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

47. Upon information and belief the Defendant's copy and/or copies of the audio recording(s) of the telephone conversation between the Defendant and the Plaintiff on November 9, 2011 substantiate the Plaintiff's allegations in this action.

48. The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute false or misleading representation(s) or mean(s) and violate FDCPA 1692e preface, e(2)(A), e(8) and e(10).

49. The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

50. The FDCPA is a "strict liability statute," and Plaintiff need only "show one violation of its provisions to be entitled to judgment in her favor." Ellis v. Cohen &

Slamowitz, LLP, 701 F.Supp. 2d 215, 219 (N.D.N.Y. 2010). Also see Doshay v.

Global Credit and Collection Corporation, ---F.Supp. ---, 2011 WL 2669164, page

4 (D.Colo. July 7, 2011) for the same holding.

51.   As a consequence of the Defendant's collection activities and

communication(s), the Plaintiff seeks damages pursuant to FDCPA

1692k(a).

## RESPONDEAT SUPERIOR

52.   The representative(s) and / or collector(s) at the Defendant were employee(s) of

the Defendant at all times mentioned herein.

53.   The representative(s) and / or collector(s) at the Defendant were agent(s) of the

Defendant at all times mentioned herein.

54.   The representative(s) and / or collector(s) at the Defendant were acting within the

course of their employment at all times mentioned herein.

55.   The representative(s) and / or collector(s) at the Defendant were acting within the

scope of their employment at all times mentioned herein.

56.   The representative(s) and / or collector(s) at the Defendant were under the direct

supervision of the Defendant at all times mentioned herein.

57.   The representative(s) and / or collector(s) at the Defendant were under the direct

control of the Defendant at all times mentioned herein.

58.   The actions of the representative(s) and / or collector(s) at the Defendant are

imputed to their employer, the Defendant.

59.    As a direct and proximate result of the aforesaid actions, the Plaintiff seeks

damages pursuant to FDCPA 1692k(a).

<u>**COUNT I, FDCPA VIOLATION**</u>

60.    The previous paragraphs are incorporated into this Count as if set forth in full.

61.    The act(s) and omission(s) of the Defendant and its representative(s),

employee(s) and / or agent(s) violated the FDCPA, § 1692e preface, e(2)(A),

e(8), e(10) and § 1692f preface.

62.    Pursuant to FDCPA section 1692k the Plaintiff seeks damages, reasonable

attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7.,

Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1.    A finding that the Defendant violated the FDCPA and/or an admission from the

Defendant that it violated the FDCPA.

2.    Damages pursuant to 15 U.S.C. § 1692k(a).

3.    Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.    Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_s/ David M. Larson          _____
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff